## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 2:14-5110** |
| | : | |
| **BRIAN HANGEY,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

**AND NOW,** this 15th day of April, 2015, upon consideration of Plaintiff's unopposed "Motion for Entry of Default Judgment against Defendant Brian Hangey" (Doc. No. 14), I find as follows:

1. This Court has jurisdiction over the subject matter of this case and the parties.

2. The amended complaint states claims for direct copyright infringement, in violation of 17 U.S.C. § 106, and contributory copyright infringement upon which relief may be granted against Defendant, Brian Hangey.

3. Defendant has failed to plead or otherwise defend against Plaintiff's amended complaint in this action.

4. Default was entered as to Defendant on February 23, 2015.

5. Defendant is not a minor, incompetent person or in active military service.

6. By reason of default, Defendant has admitted the truth of the allegations in Plaintiff's amended complaint.

7. "A plaintiff seeking a permanent injunction 'must demonstrate: (1) whether the moving party has shown actual success on the merits; (2) whether denial of injunctive relief will

result in irreparable harm to the moving party; (3) whether granting of the permanent injunction will result in even greater harm to the defendant; and (4) whether the injunction serves the public interest.'" <u>Malibu Media, LLC v. Cui</u>, 2014 WL 5410170, at *4 (E.D. Pa. Oct. 24, 2014) (quoting <u>Shields v. Zuccarini</u>, 254 F.3d 476, 482 (3d Cir. 2001)).

8.  Under Count I of the amended complaint, Defendant is hereby found liable to Plaintiff for willfully committing direct copyright infringement.

9.  Defendant will continue to cause Plaintiff irreparable injury.  Specifically, there is an existing threat of continued violations of Plaintiff's exclusive rights to reproduce, distribute, perform and display the sixteen (16) copyrighted works ("the Works") through Defendant's use of the BitTorrent protocol to upload and download the Works between and among peer users without authorization from Plaintiff.

10. There will be no injury to Defendant caused by entry of a permanent injunction requiring Defendant to cease infringing Plaintiff's Works.

11. Entry of a permanent injunction against Defendant is in the public interest because it "preserv[es] the integrity of copyright laws which encourage individual effort and creativity by granting valuable enforceable rights." <u>DSC Communications Corp. v. DGI Technologies</u>, 898 F. Supp. 1183, 1196 (N.D. Tex. 1995).

12. Plaintiff has submitted a Declaration demonstrating that Plaintiff expended a total of $1,642.00 in attorneys' fees and costs, which amount this Court finds reasonable.

**WHEREFORE**, it is hereby **ORDERED** that Defendant Brian Hangey:

(a) shall pay to Plaintiff the sum of $36,000.00 in statutory damages, as authorized under 17 U.S.C. § 504(c)(1),[1] and $1,642.00 for attorneys' fees and costs, as authorized under 17 U.S.C. § 505, making a total of $37,642.00, for which let execution issue forthwith;

(b) shall pay to Plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961 as of the date of this default judgment until the date of its satisfaction;

(c) be and hereby is enjoined from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law in the Works, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff;

(d) be and is hereby ordered to destroy all copies of Plaintiff's works that the Defendant has downloaded onto any computer hard drive or server without Plaintiff's

---

[1] Section 504(c)(1) states "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just."  I join the Courts that have determined that an award of $2,250.00 (or $750.00 trebled) per infringement is appropriate for a case of this type.  See Malibu Media, LLC v. Goodrich, 2013 WL 6670236, at *11 (D. Colo. Dec. 18, 2013) ("courts across the country have typically awarded an average of $2,250.00 per infringement in cases of this type"); Malibu Media, LLC v. John Does 1, 6, 13, 14, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013) (Baylson, J.) ("As many judges in copyright cases automatically begin with the minimum amount of statutory damages, $750 per infringement, and then treble that amount to note that the defendant committed a serious tort, I follow this practice").  As Defendant has committed sixteen infringements, a total of $36,000.00 in statutory damages will be awarded.

authorization, and shall destroy all copies of the Works transferred onto any physical medium or device in Defendant's possession, custody or control.

**BY THE COURT:**

/s/ Mitchell S. Goldberg
_____

**Mitchell S. Goldberg, J.**